UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJY INTERNATIONAL, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KOREA YAKULT, LTD., et al.,<br><br>Defendants. | Case No. 18-cv-04719-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 7, 10, 25 |

Pending before the Court is Plaintiffs' motion to remand this action to the Superior Court of Alameda County. *See* Dkt. No. 10. The Court **GRANTS** the motion.[1]

## I. BACKGROUND

On June 11, 2018, Plaintiff AJY International, Inc. filed this action in Alameda County Superior Court against Defendants Korea Yakult Co., Ltd., Paldo Co. Ltd., CCC America, Inc. doing business as BNB Global, Hakyeon Lee a/k/a Hak Yeon Kim, and DOES 1-10. *See* Dkt. No. 1-1, Ex. A at 1-2. Plaintiff amended the initial complaint on June 18, 2018, adding Kue Yeup Ji as an individual plaintiff. *See* Dkt. No. 1-5, Ex. E. Plaintiffs submitted a second amended complaint to the state court on July 6, 2018. *See* Dkt. No. 1-13, Ex. M ("SAC"). The SAC alleges twenty-two state-law causes of action.

On August 6, 2018, Defendants filed a notice of removal under 28 U.S.C. § 1441(a), alleging that the Court has subject matter jurisdiction because the claims arise under federal law. Dkt. No. 1, at 6–8. According to Defendants, "Plaintiffs' claims implicate federal issues, such as the construction, effect, and application of federal laws." *Id.* at 6. And Defendants claim that at

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

least four of Plaintiffs' twenty-two claims "aris[e] under federal law." *Id.* at 4–5 (referring to Plaintiffs' eleventh, twelfth, twentieth, and twenty-second causes of action). Defendants add that many other claims "rely and depend on federal law," because Plaintiffs "reference federal laws throughout the SAC." *Id.* at 7–11.

On August 15, 2018, Plaintiffs filed this motion to remand. *See* Dkt. No. 10 ("Mot."). Plaintiffs argue that although "Plaintiffs' complaint does contain numerous citations of federal statutes and regulations . . . . [t]here is no substantive dispute that [Defendants]" violated the statutes. *Id.* at 2. Plaintiffs' motion also argues that to the extent Defendants dispute whether there were violations of federal law, on which state law causes of actions are predicated, Plaintiffs could "easily swap out" the federal laws for similar California laws. *Id.* at 8–10. In essence, Plaintiffs argue that state law claims in their SAC were predicated on what Plaintiffs believed were undisputed violations of federal laws, but that even if Defendants dispute the occurrence of such violations, the complaint could rely on violations of analogous state laws.

Two days later, Plaintiffs filed a third amended complaint, which dropped several causes of action and substituted references to federal laws with references to California laws. *See* Dkt. No. 19 ("TAC"). On August 29, 2018, Defendants opposed Plaintiffs' motion to remand, taking into consideration the TAC. *See* Dkt. No. 23 ("Opp."). Plaintiffs filed a reply on September 5, 2018. *See* Dkt. No. 27 ("Reply").

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions "arising under" federal law. *See* 28 U.S.C. § 1331. A case may arise "aris[e] under" federal law as defined by 28 U.S.C. § 1331 in two circumstances. First, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Second, as relevant to the Court's analysis here, the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies" for causes of action asserted under state law. *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v.*

*McVeigh*, 547 U.S. 677, 699 (2006)). These "extremely rare" cases must satisfy the following four-part test:

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

A plaintiff may seek remand to state court if the district court lacks jurisdiction. 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing that removal is proper. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption in favor of remand and doubts about removability are resolved in favor of remanding the case to state court. *See Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Federal courts assess whether removal was proper based on the pleadings at the time of removal. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). And a plaintiff's post-removal dismissal of federal claims that served as the basis for removal "does not deprive a federal court of the power to adjudicate the remaining pendent state claims." *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980). In other words, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016). But in the event of such post-removal amendments, federal courts have discretion to grant or deny remand, taking into consideration what "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon Univ.*, 484 U.S. at 357. To this end, "[a] district court can consider whether the plaintiff

3

has engaged in any manipulative tactics when it decides whether to remand a case." *Id.*

## III. DISCUSSION

Plaintiffs argue removal was improper, because the claims do not meet *Gunn*'s four-part test. Mot. at 7–11. Specifically, Plaintiffs contend that federal claims (1) are not necessarily raised, (2) are not disputed, and (3) are not substantial. *Id.* In the alternative, Plaintiffs argue that remand is appropriate in light of the TAC, which removed any doubt as to whether federal laws are necessary predicates to the state-law causes of action. *See* Reply at 4–6. Defendants ask the Court not to remand the case notwithstanding the TAC because, among other things, "Plaintiffs are attempting to forum shop." Opp. at 18–20.

The Court need not address whether removal based on the SAC was proper, because it finds that remand is appropriate in light of the TAC. Although there is no dispute that Plaintiffs want to proceed in state court, the Court disagrees with Defendants' assertion that Plaintiffs have engaged in "manipulative" and "blatant" forum-shopping. *See id.* at 18–19. As Plaintiffs explain, they initially included violations of federal laws as predicates for state-law causes of actions because they believed there was no dispute over those violations. *See* Mot. at 8–10. Once Defendants challenged that assumption, Plaintiffs acted accordingly and promptly amended their complaint. *See* Dkt. No. 19. Had Plaintiffs foreseen this dispute, they could have filed something akin to the TAC in state court, which would have eliminated any basis for removal.

There is nothing inherently nefarious about a plaintiff's post-removal elimination of federal claims. The Ninth Circuit's decision in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1985), is instructive on this point. There, the plaintiffs filed a state-court action, which included a claim subject to federal law. *Id.* at 489. Weeks after the district court deemed removal proper, the plaintiffs, "apparently quite desperate to avoid federal court," amended their complaint to eliminate federal claims from their suit and sought remand. *Id.* The district court granted plaintiffs' motion to remand, but ordered the plaintiffs to pay defendants' attorney fees in opposing the remand motion, in light of plaintiffs' "manipulative pleading practices." *Id.* On appeal, the Ninth Circuit held that attorney fees were unwarranted, and explained:

4

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*See id* at 491.

As was true in *Baddie,* the Plaintiffs here amended their operative complaint "with all due speed after removal" to eliminate the initial claimed basis for federal jurisdiction. *See id.*; Dkt. No. 19. In addition, whereas the *Baddie* plaintiffs made a "tactical decision" by waiting for removal to dismiss their federal claims, Plaintiffs' conduct here appears less intentional. *See Baddie*, 64 F.3d at 491. Taken at their word, Plaintiffs believed there was no dispute that Defendants violated the federal laws they alleged as predicates for the state-law causes of action. *See* Mot. at 8–10. And even if this Court took a more skeptical view of Plaintiffs' motives, there is nothing inherently wrong with "tactical decision[s]" to avoid federal court.

## IV. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Plaintiffs' motion to remand the case to the Alameda County Superior Court. The pending motions to dismiss, Dkt. Nos. 7, 25, are denied without prejudice as moot.

The Clerk of Court is directed to remand the case to state court and close the file.

**IT IS SO ORDERED.**

Dated: 10/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

5